STATE OF FLORIDA, and THE SEVERAL PROPERTY OWNERS AND TAXPAYERS OF SOUTH TAMPA FARMS DRAINAGE DISTRICT, etc., v. L. D. PATTERSON, et al., as The Board of Supervisors of South Tampa Farms Drainage District, etc., et al.

9 So. (2nd) 794  
October 2, 1942

June Term, 1942  
Division A

*J. Rex Farrior,* for appellants.

*Giles J. Patterson,* for appellees.

BUFORD, J.:

On appeal we review final decree finding and adjudicating as follows:

"(1) That South Tampa Farms Drainage District in Hillsborough County, Florida, was duly established and created by a decree of this Court under and by virtue of Chapter 6458, Acts of 1913, Laws of Florida, the decree being entered on the 5th day of August, 1924, said decree being recorded in Chancery Order Book 22, page 431, of the Public Records of Hillsborough County, Florida, a certified copy of same being presented to and filed with this court at this hearing as Petitioner's Exhibit 'A'.

"(2) That all of the lands within the boundary lines of the said South Tampa Farms Drainage District of Hillsborough County, Florida, are wholly within the said Hills-

borough County, Florida, a political subdivision of the State of Florida.

"(3) That on the 15th day of June, 1925, the petitioner issued its drainage bonds in the aggregate amount of Two Hundred Forty Thousand, Five Hundred ($240,500.00) Dollars, bearing interest at the rate of Six per cent (6%) per annum, payable semi-annually.

"(4) That on the 25th day of March, 1942, there was filed in this court and presented to this court, a petition by the above named Petitioner against the above named Respondents for the authorization and validation of Seventy-seven Thousand ($77,000.00) Dollars refunding drainage district bonds of the South Tampa Farms Drainage District, a corporation duly authorized and existing under the laws of the State of Florida.

"(5) That pursuant to the prayers of said Petitioner and in accordance with law, this Court, on the 25th day of March, A. D. 1942, entered an Order in this said cause in the form of a notice directed to the State of Florida and the several property owners, taxpayers, citizens and others having or claiming any right, title or interest in South Tampa Farms Drainage District of Hillsborough County, Florida, of the taxable property therein located, ordering, directing and requiring them to appear before this Court in the Court House at Tampa, Florida, at 10 o'clock A. M. on the 30th day of April, A. D. 1942, at a hearing to be held before this Court and to show cause, if any, why the Petitioner for validation filed in this cause for the issuance and validation of Seventy-seven Thousand ($77,000.00) Dollars refunding bonds by said Drainage District should not be adjudicated, validated and confirmed as appears from the Proof of Publication of said Notice duly filed in the said cause and presented to and affirmed by this Court at this hearing.

"(6) That said Notice was duly published in the manner and for the time required by law in the Tampa Morning Tribune, a daily newspaper of general circulation published at Tampa, Hillsborough County, Florida, in the issues of said paper of March 26th, April 2nd, April 9th and April 16th, 1942.

" (7) That the certificate of the Clerk of this Court entered in this case on the 30th day of April, 1942, shows that no property owners, tax-payers, citizens or others, or any person having or claiming any right, title or interest in the South Tampa Farms Drainage District of Hillsborough County, Florida, or the taxable property therein appeared and filed any pleading of any kind in this cause as required by aforesaid order and notice.

" (8) That on the 30th day of April, A. D. 1942, the Clerk of this Court issued his Certificate under the Seal of this Court showing the constructive service by publication of the aforesaid notice was duly made upon the several property owners, taxpayers, citizens and others having or claiming any right, title or interest in the said South Tampa Farms Drainage District of Hillsborough County, Florida on the taxable property therein.

" (9) That the Circuit Court for Hillsborough County, Florida, did on the 4th day of August, 1925, order, adjudge and decree that all the proceedings leading up to the issuance of the Two Hundred Forty Thousand, Five Hundred ($240,500.00) Dollar bond issue dated September 1st, 1925, be validated, approved and confirmed. Said decree is recorded in Chancery Order Book Number 28, page 142.

" (10) That the validity of the said South Tampa Farms Drainage District or its bonds, or the right to collect drainage taxes is not now in question, nor has the Supreme Court of the State of Florida ever held the South Tampa Farms Drainage District invalid.

" (11) That the petitioner, pursuant to authority given drainage districts by Chapter 14507, Acts of the Florida Legislature session 1929, applied to the Reconstruction Finance Corporation, an agency of the United States Government, authorized to make loans, for a loan to refinance the bonded indebtedness of the Petitioner.

" (12) That the said Reconstruction Finance Corporation, upon receipt and consideration of the said application of the Petitioner on the 2nd day of January, 1934, passed a resolution authorizing a loan to your Petitioner in the sum of Seventy-six Thousand ($76,000.00) Dollars to be used by the

Petitioner for paying off the said outstanding Bonded indebtedness and retiring the bonds of the Petitioner evidencing such indebtedness, and for paying such other indebtedness of the district as authorized by Reconstruction Finance Corporation.

"(13) That your Petitioner, on the 17th day of January, 1934, and April 13, 1934, passed resolutions agreeing to accept said loan from the Reconstruction Finance Corporation on the terms and conditions set forth in said resolution of Reconstruction Finance Corporation authorizing said loan to the Petitioner.

"(14) That on the 21st day of February, 1942, the Board of Supervisors of said District duly passed and adopted a resolution authorizing and providing for the issuance of Seventy-seven Thousand ($77,000.00) Dollars refunding bonds of South Tampa Farms Drainage District in Hillsborough County, Florida, which said resolution contained the authority and proceedings for the creation of the said District and the issuance of said bonds and a levy of assessments and taxes, and all conditions, covenants, agreements and all other proceedings and resolutions and act had and done incidental to and culminating in the issuance of the bonds refunded herein, all of which appeared from a certified copy of said Resolution or matters of the said Drainage District presented and filed before this Court at this hearing, as Petitioner's Exhibit 'L'.

"(15) That the State of Florida, acting by and through its States Attorney, Honorable J. Rex Farrior, filed an answer on behalf of the State of Florida, consenting to the issuance, validation and confirmation of said refunding bonds in the said amount of Seventy-seven Thousand ($77,000.00) Dollars.

"(16) That the Court had jurisdiction of the subject matter of the said Petition and of the Petitioner and of the Respondents and being fully advised in the premises and in consideration thereof, it is hereby Ordered, Adjudged and Decreed:

"(a) That the Court has jurisdiction of this cause, the subject matter hereof and the matters hereto.

"(b) That a Decree Pro Confesso be, and the same hereby is entered against the several property owners, taxpayers, citizens and others, including non-residents of said South Tampa Farms Drainage District, having or claiming any right, title or interest in South Tampa Farms Drainage District or the taxable property therein.

"(c) That the authority and proceedings had for and in the creation and establishment of South Tampa Farms Drainage District in Hillsborough County, Florida, the assessment of benefits and the decree confirming the same, the levy and assessment of the total tax and the installments of the same, and the lien of all such assessments and taxes levied and to be levied pursuant to the proceedings heretofore adopted by the Board of Supervisors of said District, are hereby adjudicated, validated and confirmed as being in accordance with the laws of the State of Florida; that the Supplemental and Revised Tax Book provided for in the Resolution adopted by the Board dated the 28th day of April, 1942, is hereby validated and confirmed, and the said District is authorized as a matter of law to levy installments of the unlevied and unextended portion of the total tax heretofore levied by the Board of Supervisors of said District in annual installments as provided by law for the payment of the Refunding Bonds hereinafter validated, as well as to levy such additional taxes for the payment of said bonds as may be necessary and as may be authorized by Chapter 6458 and Laws supplemental thereto and mandatory thereof."

The decree then adjudicates the validity of the $77,000.00 of refunding bonds to be dated the first day of March, 1942, bearing interest at 4% per annum, payable semi-annually. Maturity dates of the bonds are specified. The first bond is payable March 1st 1943 and the last is payable March 1st 1972. Seventy bonds are in the principal sum of $1,000.00 each and fourteen are in the principal sum of $500.00 each.

The decree of the Circuit Court of Hillsborough County, Florida, of August 4, 1925 forever set at rest the validity of the original bond issue in the sum of $240,500.00.

The appellant poses the following question:

"Has the District the power to prepare and file a 'Supple-

mental or Revised Drainage Tax Record' as authorized by the Resolution of the Board of Supervisors of said District which is part of the record, it appearing that there is no 'Drainage Tax Record' on file in the office of the Clerk of the Circuit Court at this time?"

Appellant suggests that this question should be answered in the negative and by way of argument, says:

"Sec. 298.36, formerly Sec. 17, Chap. 6458, Laws of Florida, 1913, as amended by Chap. 12040, Acts of 1927, required the Board to 'levy a tax of such portion of said benefits' as were assessed against the property, and to prepare, 'in the form of a well bound book' a list of these taxes with other information, such book to be entitled 'Drainage Tax Record of _____ Drainage District, _____ County Florida,' which should be filed in the office of the Secretary and become a permanent record therein. Sec. 298.41, formerly Sec. 22, Chap. 6458, Laws of Florida, 1913, as amended by Chap. 9129, Acts of 1923, and Chap. 12040, Acts of 1927, provided that the lien for such taxes should be evidenced by a certificate attached to certain tables which should be included in a well bound book filed in the office of the Clerk of the Circuit Court, and it also was designated as 'Drainage Tax Record.' The record in this case shows that no such book is in existence in the Clerk's Office; it does not show whether such a book was actually prepared or not. The record does show that the bonds were issued and are outstanding, and that they have been purchased by the Reconstruction Finance Corporation, which has agreed to accept refunding bonds in lieu thereof at the price at which the bonds were purchased.

There is no provision of Chap. 298, which is a compilation of the law relating to drainage districts, which authorizes the preparation of such Supplementary or Revised Drainage Tax Record. This is the question which is raised by the appeal. Can the District authorize the preparation of such a record at this time and make it the basis of the refunding bonds?"

The alleged irregularity in the proceedings followed in re, the collection of the tax with which to pay principal and

interest on the original bonds does not go to the validity of either the original or refunding bonds.

The mere fact that the District is belatedly complying with the statute, supra, by preparing its tax record and filing same in the office of the Clerk of the Circuit Court does not in anywise affect the validity of the bonds. The fact that the tax record now prepared and filed, or to be filed, in the office of the Clerk of the Circuit Court is called or identified as "Supplemental or Revised Drainage Tax Record" is of no consequence. If it is such a record as is required by the statute, supra, it will suffice as evidence and notice of the lien on the lands therein described to secure the payment of the refunding bonds which constitute the only obligation here under consideration.

No reversible error appearing in the record, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.